| | |
|---|---|
| **ARMANDO A. PANDOLA, JR.**<br>Identification No.: 27608<br>400 Sterling Commerce Center<br>1819 JFK Boulevard<br>Philadelphia, Pa  19103<br>(215) 568-5010 | **ATTORNEY FOR PLAINTIFF** |
| **JEROLD WASHINGTON**<br>64 Melrose Avenue<br>Lansdowne, PA 19051 | **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA** |
| Vs. | NO. 02-4451 |
| **NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK**<br>30th & Market Streets<br>Philadelphia, PA 19104 | |

## CIVIL ACTION COMPLAINT

1. This is an action to vindicate violations of plaintiff's Civil Rights and to redress the unlawful and discriminatory conduct and employment practices of the defendants.  This action arises out of the hostile work environment and discriminatory employment practices of the defendants and their employees against the plaintiff based on plaintiff's race and national origin, in whole or in part.  These actions constitute a violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., and the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981, the Pennsylvania Human Relations Act and local laws and ordinances.

1

## PARTIES

2. Plaintiff is a citizen of the Commonwealth of Pennsylvania and the United States who resides at the above-captioned address. At all times relevant herein, Mr. WASHINGTON was an employee of the defendant.

3. Defendant, NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK (hereinafter "NRPC") is an entity organized and existing under the laws of the Commonwealth of Pennsylvania.

2. At all relevant times, defendant employed in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

## JURISDICTION AND VENUE

3. This action, in part, is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1866 as amended by the Civil Rights Restoration Act of 1991 and the Common Law of the Commonwealth of Pennsylvania and the Pennsylvania Human Relations Act.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful depravation of plaintiff's rights secured, guaranteed and protected by Federal Law. This Court may also exercise pendant jurisdiction over plaintiff's State Law claims.

5. Venue is proper in the United States District Court for the Eastern

District of Pennsylvania pursuant to 28 U.S.C. Section 1391(b) wherein plaintiff resides, all defendants regularly conduct business and where all the relevant conduct occurred.

## ADMINISTRATIVE PREREQUISITES

6. Mr. WASHINGTON has complied with all of the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964 as amended and the Pennsylvania Human Relations Act in that Mr. WASHINGTON filed a timely formal charge of discrimination with the Pennsylvania Human Relations Commission at Number E99583D which was jointly filed with the Equal Employment Opportunity Commission at Number 17FA12743.

7. Mr. WASHINGTON promptly and diligently accommodated all requests for information and fully cooperated in the above-stated agency investigation of this matter.

8. Mr. WASHINGTON has exhausted all available administrative remedies in accordance with the aforementioned statutes prior to instituting this Civil Action. Mr. WASHINGTON formerly requested a notice of right to sue.

9. On or about MAY 14, 2002, Mr. WASHINGTON, in c/o his attorney, received a right to sue letter from the United States EEOC.

**FACTUAL ALLEGATIONS**

10.     Plaintiff, Richard WASHINGTON, was employed by defendant from   May, 1999 to the present.

11.  At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Mr. Washington's employment were governed and controlled by defendant.

12. Upon information and belief and at all relevant times, various supervisors and personnel employees, including named defendants,  were acting as the agents, servants and/or employees of defendant which is liable for the acts and admissions of these individuals pursuant to the principles of ratification, respondeat superior and actual and/or implied agency.

13.     At all relevant times, Mr. WASHINGTON fully, adequately and completely performed all of the functions, duties of responsibilities of his employment with defendant.

14.  Mr. WASHINGTON has a long history and record of excellent performance evaluations.

15.     From November, 2000, plaintiff had been continuously subjected to a hostile work environment based upon his race and national origin.

16.     Upon information and belief and as set forth herein, defendant applies a discriminatory policy regarding hostile work environments that relate to race or national origin.

4

17. On or about November 30, 2000, a co-worker, Jim Hogan, made inappropriate racial remarks to plaintiff, making reference to a confederate flag that was located in the back window of a truck used in the exterminating business. Mr. Hogan told plaintiff that "y'all are the pest to be exterminated."

18. On that same day, Mr. Hogan used tape to tie plaintiff to the driver seat of a truck. After another employee released plaintiff, Mr. Hogan came up to plaintiff, and was holding a noose in his hand. He asked plaintiff if I knew what it was for, and started to laugh. He said that the noose was "to hang your ass with."

19. These racial remarks were part of a hostile environment in the Lancaster Division which plaintiff has experienced, and which other African-American or minority workers have experienced. The hostile work environment is due to plaintiff's race and national origin. As a result of this hostile work environment, which is of a continuing nature, plaintiff can no longer work at the Lancaster Division.

20. There was a job available at the Lancaster Division, which would represent a promotion for plaintiff. This job was given to a person with less seniority who is not African-American. Plaintiff had requested the job, was qualified for the job and had more seniority than the person who was given the job, yet was refused the job because of his race.

**21.** Plaintiff had complained to upper management about this discrimination, but no action has been taken by management to correct this problem.

**22.** Plaintiff's race is the cause for defendant's actions against him, and that management has tolerated those actions, especially at the Lancaster Division location

23. Defendants have maintained, acquiesced in the maintaining of, or failed to take appropriate required action to eliminate a general and consistent pattern and practice of racial discrimination against African-American employees in the Lancaster Division of the NRPC. Furthermore, defendant's policies and practices concerning job availability and qualifications have a disparate impact on African-Americans, making it more difficult for them to obtain higher paying jobs and job advancements.

24. Such pattern and practice has been consistently manifested for at least the two years preceding the filing of plaintiff's administrative complaint, including but not limited to actions of intimidation against African-American employees for the performance of their duties, and job availability and qualifications.

25. Consistent with and pursuant to that general policy and practice, plaintiff was discriminated against because of his race and because of his national origin.

26. The pattern of racial and ethnic slurs constituted a continuing pattern of conduct that created an offensive and hostile working environment and interfered with the plaintiff's ability to perform his assigned duties.

27. Plaintiff complained of the acts against him, but could obtain no relief. As a result of the hostile work environment, plaintiff was forced to leave the Lancaster Division.  Plaintiff was forced to do this only after he had made numerous attempts to have the defendant resolve the problem of racial and ethnic discrimination, slurs and hostile environment which existed at the Lancaster Division and which posed a threat to plaintiff.

28. The continuing course of defendant's conduct as set forth above has damaged plaintiff by increased inconvenience and expense in performing his assigned duties, by depriving him of opportunities for professional advancement and over-time pay, by subjecting him to humiliation and emotional distress, by damaging his personal reputation, by damaging his professional reputation and by aversely effecting his earning capacity.

29. Defendant has acted and continues to discriminate against the plaintiff because of plaintiff's race and national origin.

<u>COUNT ONE</u>

<u>EMPLOYMENT DISCRIMINATION – TITILE VII</u>

<u>AND SECTION 1983</u>

30. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the complaint as though each were fully set forth

herein.

31. Defendants have discriminated against plaintiff in terms and conditions of his employment because of his race and national origin, all in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

32. The defendant's conduct was a direct and proximate cause of the injuries, damages and harm suffered by the plaintiff.

33. As a result of the discriminatory employment practices engaged in by the defendant to plaintiff's federally protected rights, plaintiff is entitled to all of the damages and other remedies available under Title VII of the Civil Rights Act of 1964, as amended.

34. Based upon information and belief, the defendants have treated plaintiff differently than they have treated other complainants of racial and ethnic harassment where they have found that the complaints of racial and ethnic harassment were true and that the complainant's safety was in jeopardy.

35. Based upon information and belief, defendants were more vigorous and took sterner action against employees who have made threats, derogatory comments or slurs against individuals of a non- minority race or ethnic origin.

36. As a direct and proximate result of the foregoing, defendants constructively discharged plaintiff from his position at the Lancaster Division. As a direct and proximate result of the foregoing, plaintiff has

suffered emotional and mental anguish. Furthermore, plaintiff has been, is being and will in the future be deprived of income in the form of wages and of prospective retirement benefits and benefits due him as an employee solely because of defendant's conduct as set forth above.

37. The above-stated actions by the defendant were a violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race or national origin.

38. During his employment with the defendant, plaintiff was a member of a class protected under Title VII against race and national origin discrimination.

39. Defendants failed to exercise reasonable care to prevent and correct promptly any racial or national origin harassing behavior. Furthermore, plaintiff took advantage of all preventive or corrective opportunities provided by the employer to avoid harm.

40. Plaintiff was treated in a disparate manner and subject to defendant's unfair policies and practices in that he was treated in a manner unlike other employees similarly situated with defendant who were of a non-minority race or other national origin.

41. As a result of defendant's employment policies, procedures and practices, plaintiff was unjustly and discriminatorily deprived of Equal Employment Opportunities because of his race and national origin. Plaintiff was deprived of due process of law and other rights guaranteed by the Fifth Amendment and 42 U.S.C.A. 1983.

42. Defendant intentionally and/or with reckless indifference engaged in the above-stated discriminatory practices against plaintiff, contrary to his federally protected rights as guaranteed to him under the Fifth Amendment and Section 1983 of the Civil Rights Act and Title VII of the Civil Rights Act.  The intentional and discriminatory conduct of defendant was willful, wanting, deliberate, malicious, egregious and outrageous.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of $100,000.00 plus costs, interest, delay damages, attorney's fees and all other remedies available to plaintiff pursuant to the law.

## COUNT TWO

## PENNSYLVANIA HUMAN RELATIONS ACT

43. Plaintiff hereby incorporates all of the preceding paragraphs as though each were fully set forth herein.

44.     Defendant is subject to Pennsylvania Laws concerning discrimination in employment.

45. The above-stated allegations constitute a violation of both Pennsylvania and local Laws regarding discrimination regarding race and national arrogant.

46. The above-state individual defendants failed to take any action to prevent further discrimination by employees of the NRPC who were under their supervision, or over whom they had the power to prevent such discrimination against the plaintiff.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of $100,000.00 plus costs, interest, delay damages, attorney's fees and all other remedies available under the law.

## COUNT THREE

## VIOLATION OF CONTRACT

47. Plaintiff hereby incorporates all of the preceding paragraphs as though each were fully set forth herein.

48. Defendants have violated various terms of the contract of employment which plaintiff had with defendant, NRPC, it violated various provisions regarding the investigation of complaints, and the proper and necessary steps to eliminate any and all racial or ethnic discrimination.

49. These contractual violations caused damages to the plaintiff as set forth above.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of $100,000.00 plus costs, interest, delay damages, attorney's fees and all other remedies available at law.

## COUNT FOUR

## UNLAWFUL PRACTICES AND POLICIES

50. Plaintiff incorporates by reference the allegations set forth in all

of the other paragraphs of the complaint as though each were fully set forth herein.

51. Plaintiff is a member of a protected class, African-Americans.

52. Plaintiff was qualified for a job for which he applied at the Lancaster Division and for other jobs, including truck driver, assistant conductor and engineer.

53. Plaintiff was rejected for various jobs or does not qualify for them under defendant's policies and practices despite sufficient qualifications to perform the duties of the position.

54. Defendant maintains an employment policy, practice or selection criteria for the above-stated jobs and other jobs which is facially neutral.

55. The above-stated policy, practice or selection criteria, although neutral on its face, falls more harshly on the plaintiff's protected class, African-Americans, in that it requires persons to live at or near the Division in which they are employed and each Division has its own criteria and hiring practices.

56. Plaintiff has suffered damages as a result of defendant's conduct as stated-above and set forth in its practices, policies and selection criteria for jobs. Plaintiff has been denied employment or has been unable to advance himself within the Defendant Corporation because of these policies.

WHEREFORE, plaintiff demands judgment in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus back pay, front pay, compensatory damages, punitive damages and all other relief available under the law.

                                                      Respectfully submitted by,

                                                      _____
**ARMANDO A. PANDOLA, JR., ESQUIRE**
**Attorney for Plaintiff**