ARMANDO A. PANDOLA, JR.
Identification No.: 27608
400 Sterling Commerce Center            ATTORNEY FOR PLAINTIFF
1819 JFK Boulevard
Philadelphia, Pa  19103
(215) 568-5010
_____
JEROLD WASHINGTON                       UNITED STATES DISTRICT COURT
                                        FOR THE EASTERN DISTRICT OF
        Vs.                             PENNSYLVANIA

NATIONAL RAILROAD PASSENGER             CIVIL ACTION NO.  02-CV-4451
CORPORATION D/B/A AMTRAK

## ORDER

AND NOW, this         day of                    , 2002, it is hereby

ORDERED and DECREED that the Defendant's Motion to Partially Dismiss is

denied.


                                                    BY THE COURT:


                                                    _____
                                                                              J.

1

ARMANDO A. PANDOLA, JR.
Identification No.: 27608
400 Sterling Commerce Center  ATTORNEY FOR PLAINTIFF
1819 JFK Boulevard
Philadelphia, Pa  19103
(215) 568-5010
_____

| | |
|---|---|
| **JEROLD WASHINGTON** | **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA** |
| Vs. | |
| **NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK** | **CIVIL ACTION NO. 02-CV-4451** |

**PLAINTIFF'S ANSWER TO DEFENDANT'S PARTIAL
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1.(a)-f Admitted in part; denied in part.  Plaintiff's complaint speaks for itself.  Plaintiff has made various allegations, and has pursued various claims under both Federal and State Law.

2.(a)-c  Denied.  Plaintiff has alleged a factual basis for each and every claim that has been made against the defendant.

3. In defense of his complaint, plaintiff submits herewith a Memorandum of Law in support of his answer to defendant's Motion to Partially Dismiss.

WHEREFORE, plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss.

Respectfully submitted by,

ARMANDO A. PANDOLA, JR., ESQUIRE
Attorney for Plaintiff

| | |
|---|---|
| **ARMANDO A. PANDOLA, JR.**<br>Identification No.: 27608<br>400 Sterling Commerce Center<br>1819 JFK Boulevard<br>Philadelphia, Pa 19103<br>(215) 568-5010 | **ATTORNEY FOR PLAINTIFF** |
| **JEROLD WASHINGTON**<br><br>Vs.<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK** | **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**<br><br>**CIVIL ACTION NO. 02-CV-4451** |

## MEMORANDUM OF LAW

I.     Statement of Facts

**Jerold Washington was hired by the defendant on May 10, 1999 as a Trackman, and he currently holds that same position. His duties are to construct, maintain, repair, inspect and dismantle track and attach structures thereto, including right of way maintenance. On or about November 30, 2000, a co-worker, James Hogan, made inappropriate racial remarks to Mr. Washington, making reference to a confederate flag that was located in the back window of a truck used in the exterminating business. On that same day, the same co-employee used tape to tie up Mr. Washington to the driver's seat of the truck. The co-employee was holding a noose in his hand and he asked Mr. Washington if he knew what it was for.**

**These racial remarks were part of a general hostile work environment at the Lancaster Division of the defendant.**

Because of this hostile work environment, Mr. Washington has been unable to work in the Lancaster Division, and he has lost employment because of his inability to work at that location. On a regular basis, jobs are given to non-blacks who are less qualified than Mr. Washington and others of his race.

I.   MOTION TO DISMISS STANDARD

A district court should not dismiss a complaint under Rule 12(b)(6) for failure to state a claim for relief "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 335 U.S. 41, 45-46 (1957). In evaluating whether dismissal is proper, a court must accept all the "factual allegations of the complaint . . . as true," and must draw all "reasonable inferences . . . to aid the pleader." D.P. Enter. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir. 1984).

The court may only consider the pleading that is attached by an FRCP 12(b)(6) motion in determining its sufficiency. The court is not permitted to look at matters outside the record.

III.   Plaintiff's Claims for Violation of 42 U.S.C. Section 1983
       and the Fifth Amendment

Plaintiff voluntarily withdraws his claims under 42 U.S.C. Section 1983 and the Fifth Amendment.

**IV.    BREACH OF CONTRACT CLAIMS**

In Count III of plaintiff's complaint, Mr. Washington alleges various violations of the contract that existed between the plaintiff and the defendant. This contract was part of the general labor contract signed by the defendant with plaintiff's union.

In Count IV of plaintiff's complaint, Mr. Washington alleges that he is a member a Protected Class, African Americans, and that he was denied a job for which he was qualified and for which he applied at the Lancaster Division because of his race.  Mr. Washington alleges that the defendant maintains an employment policy, practice or selection criteria which is facially neutral, but which has a disparate impact on African-Americans.

Essentially, the facts to support this claim are that the Lancaster Division, and other Divisions within the defendant require that a person live at or near the Division in which they are employed and that each Division may maintain its own criteria for each job and its own hiring practices.  As a result, it has become impossible for members of minority classes, such as Mr. Washington, to obtain employment outside of the large Urban areas in which most minorities live.

Defendant argues that both claims are subject to dismissal because they are preempted by the Railway Labor Act, 45 U.S.C. Section 151-188 ("RLA").

**Defendant attempts to bundle together plaintiff's claims in both Counts III and IV.  In fact, they are two very distinct claims.  While Count III alleges contractual breaches on the part of the defendant, Count IV does not.  Count IV is based on a claim under Title VII, and not part of any contract between Mr. Washington's Union and the defendant.**

**Paragraph 50 of Count IV incorporates all of the other paragraphs set forth in the complaint into that Count for unlawful practices and policies, including the allegations under Title VII.  Therefore, defendant's argument that contractual claims are preempted by the RLA does not apply to Count IV.  Count IV is not a claim based in contract but, rather, a claim based upon Title VII for the disparate impact of defendant's facially neutral polices upon African-Americans such as Mr. Washington.  Defendant has failed to cite any authority for the claim that the RLA preempts claims under Title VII and, in fact, in its Motion to Dismiss, defendant admits that for purposes of this Motion, it accepts "the sufficiency of plaintiff's claims under Title VII or the PHRA."  See page 2 of defendant's Memorandum of Law.  Therefore, there is no dispute that Count IV should not be dismissed since it states a claim under Title VII.**

**The remaining issue concerning Count III depends on an interpretation of the RLA.**

**Defendant cites several cases in which our Courts have held that "minor disputes" concerning collective bargaining agreements between the Railroad and its employees union are preempted by RLA.**

6

In <u>Brown v. Illinois Central Railroad Co.</u>, 254 F.3d 654, (7th Cir. 06/20/2001), the Court summarized the law concerning when the RLA preempts certain claims:

> **The RLA promotes stability in labor-management relations by "providing a comprehensive framework for resolving labor disputes" in the railroad industry. <u>Hawaiian Airlines, Inc. v. Norris</u>, 512 U.S. 246, 252 (1994) (citing <u>Atchison, Topeka & Santa Fe Ry. Co. v. Buell</u>, 480 U.S. 557, 562 (1987)); see also 45 U.S.C. sec. 151a. Specifically, the RLA establishes a mandatory arbitral mechanism for "the prompt and orderly settlement" of two classes of disputes--"major disputes" and "minor disputes." See 45 U.S.C. sec. 151a. Major disputes "relate to the formation of collective bargaining agreements or efforts to secure them." <u>Hawaiian Airlines</u>, 512 U.S. at 252 (citation and internal quotation omitted). Minor disputes, by contrast, "gro[w] out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions[,]" 45 U.S.C. sec. 151a, and "involve controversies over the meaning of an existing collective bargaining agreement in a particular fact situation." <u>Hawaiian Airlines</u>, 512 U.S. at 253 (citation omitted). All minor disputes "must be adjudicated under RLA mechanisms, which include an employer's internal dispute-resolution procedures and an adjustment board established by the unions and the employer." Monroe, 115 F.3d at 516; 45 U.S.C. sec. 184. A plaintiff's claim is properly characterized as a minor dispute (and is therefore subject to mandatory and exclusive arbitration under the RLA) when the resolution of the plaintiff's claim requires interpretation of the CBA. See <u>Monroe</u>, 115 F.3d at 519; <u>Coker v. Trans World Airlines, Inc.,</u> 165 F.3d 579, 583 (7th Cir. 1999) (stating that "[t]he distinguishing feature of a minor dispute is that the dispute can be conclusively resolved by interpreting the existing CBA." (citation and internal quotation omitted)). Therefore, even if Brown's claim is grounded upon rights which stem from some source other than the CBA (such as state law), the claim will be preempted if it cannot be adjudicated without interpreting the CBA, or if it can be "conclusively resolved" by interpreting the CBA. See <u>Hawaiian Airlines</u>,**

7

512 U.S. at 261-62; <u>Consolidated Rail Corp v. Ry. Labor Executives' Ass'n</u>, 491 U.S. 299, 305 (1989).

The issue of whether the claims made by the plaintiff constitute a "major" or "minor" dispute cannot be decided based upon a Motion to Dismiss. Obviously, the Court has to consider the contract that existed between the plaintiff's union and the defendant. That contract was not attached to the defendant's motion to dismiss, and any review of it would go beyond the pleadings. Therefore, the Court cannot possibly make a decision concerning issues under that contract until the Court has reviewed that contract.

The preemption issue raised by the defendant concerning Count III of plaintiff's complaint are better determined by a motion for summary judgment, to be decided by the Court after a careful review of the contract and the facts concerning plaintiff's claims. As indicated above, the analysis of whether the RLA preempts certain breech of contract claims is a fact-laden analysis, not capable of being made at the earliest stages of litigation. The Court must examine the contract, and determine whether plaintiff's claims are capable of being determined under that contract by a simple interpretation of its terms. Without the contract, and without a full examination of plaintiff's claims, the applicability of the RLA cannot and should not be determined.

Therefore, the Court should deny the defendant motion to dismiss Count III of plaintiff's complaint since defendant cannot prove, as it must prove in asking a Court to dismiss a claim pursuant to Rule 12(b)(6) that "it

8

appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley, supra.

### V.    PREEMPTION BY THE PHRA

Defendant argues that plaintiff's common law claims for violation of contract and unlawful practices in policies should be dismissed on the grounds that these claims are preempted by the Pennsylvania Human Relations Act (PHRA).

As stated above, Count IV alleges claims based upon Title VII.  Such claims are not preempted by any state laws.

Defendant cites numerous cases that state that the PHRA preempts common law tort action claims.  In fact, plaintiff cross-filed his claims with PHRA.  PHRA investigated the claims and issued to plaintiff a right to sue letter, as did the United States Equal Employment Opportunity Commission.

Count IV of plaintiff's complaint has nothing to do with common law tort claims or state-based causes of action for wrongful termination.  As stated-above, Count IV alleges that, under Title VII, defendant has promulgated facially neutral polices which, in fact, have an adverse impact upon African-Americans and plaintiff.

Regarding Count III, as indicated above, plaintiff has alleged major claims based upon violations of the contract that exist between the defendant and plaintiff's union.  No interpretation of that contract is needed

9

in order to resolve this dispute but, rather, all parties agree on the meaning of the contract between plaintiff's union and the defendant. Defendant's violation of that contract is based upon the policies which it has promulgated, and which adversely the impact upon the plaintiff and other African Americans.

Therefore, there is no issue concerning the preemption of the PHRA of state law tort claims.

Defendant has failed to cite one case in which a Court has held that a plaintiff's Title VII claims for discrimination based upon the adverse impact of a company's facially neutral policies and practices is preempted by state law. Cases in which a party has been allowed to assert claims under Title VII regardless of the state law are too numerous to cite.

Concerning the contract claims asserted in Count III, the only issue is whether they are preempted by RLA. This issue was discussed above and needs no further elaboration.

## VI.     CONCLUSION:

Defendant's partial Motion to Dismiss plaintiff's claim should be denied. Plaintiff has voluntarily withdrawn his claims under the Fifth Amendment and Section 1983.

Defendant's Motion To Partially Dismiss is actually a pre-mature Motion for Summary Judgment, and should be denied because it alleges

defenses that cannot be determined by simply reviewing the complaint and the law.

Count III of plaintiff's complaint alleges claims under the contract between the plaintiff's union and the defendant. The contract is not before the Court. These claims should not be dismissed since they are not preempted by the RLA since they involve major claims that in no way are dependent upon an interpretation of the contract between the parties. In fact, there is no dispute as to the interpretation of that contract that calls for defendant not to discriminate based upon race.

Count III is not preempted by the PHRA. Defendant has cited numerous cases that deal with a plaintiff who has asserted common law tort claims in addition to claims under the PHRA. Defendant has failed to cite any case in which a Court has held that the PHRA preempts validly stated contract claims.

Count IV should not be dismissed since defendant has simply misinterpreted what Count IV states. Count IV is a claim under Title VII alleging that the facially neutral practices and policies of the defendant are, in fact, discriminatory and that they have an adverse impact upon African Americans and the plaintiff.

Count IV is not preempted by the RLA since it has nothing to do with the contract between the parties.

Count IV is not preempted by the PHRA since it represents a separate and distinct claim under Title VII and not a common law tort claim.

**For all of these reasons, plaintiff respectfully requests that this Honorable Court deny the defendant's partial motion to dismiss.**

                                     **Respectfully submitted by,**

                                       **ARMANDO A. PANDOLA, JR.**
                                       **Attorney for Plaintiff**

# **V E R I F I C A T I O N**

**ARMANDO A. PANDOLA, JR., ESQUIRE, states that he is the attorney for Plaintiff herein, and that the facts set forth in the foregoing pleading are true and correct to the best of his knowledge, information and belief, and that this statement is made subject to the penalties of relating to unsworn falsification to authorities.**

**Date:**_____   _____
                                          **ARMANDO A. PANDOLA, JR.**

| | |
|---|---|
| **ARMANDO A. PANDOLA, JR.**<br>Identification No.: 27608<br>400 Sterling Commerce Center<br>1819 JFK Boulevard<br>Philadelphia, Pa  19103<br>(215) 568-5010 | **ATTORNEY FOR PLAINTIFF** |
| **JEROLD WASHINGTON**<br><br>        Vs.<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK** | **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**<br><br>**CIVIL ACTION NO. 02-CV-4451** |

### CERTIFICATION OF SERVICE

Armando A. Pandola, Jr., Esquire, attorney for plaintiff hereby certifies that the attorney of record in the attached action has been served with a true and correct copy of Plaintiff's Answer to Defendant's Partial Motion to Dismiss Plaintiff's Complaint by first class mail on September 9, 2002 to the following:

> Jennifer M. Nix, Esquire
> Morgan Lewis & Bockius, LLP
> 1701 Market Street
> Philadelphia, PA 19103-2921

_____
**ARMANDO A. PANDOLA, JR.**

14