IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROLD WASHINGTON, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> NATIONAL RAILROAD PASSENGER ) <br> CORPORATION D/B/A AMTRAK, ) <br> ) <br> Defendant. ) | Civil Action No. 02-CV-4451 |

**NATIONAL RAILROAD PASSENGER CORPORATION'S
REPLY MEMORANDUM TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Of Counsel:
  Morgan, Lewis & Bockius LLP

Judith E. Harris ( I.D. #02358)
William J. Delany (I.D. #74864)
Jennifer M. Nix (I.D. #87204)
1701 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5000

Attorneys for Defendant
National Railroad Passenger Corporation

Table of Contents
(continued)

Page

## I.  INTRODUCTION

On August 30, 2002, Defendant National Railroad Passenger Corporation ("Amtrak") filed a partial motion to dismiss Plaintiff Jerold Washington's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  On September 9, 2002, Plaintiff filed a response to Amtrak's motion in which he voluntarily withdrew his claim pursuant to 42 U.S.C. § 1983 and the Fifth Amendment (Pl.'s Resp. at 4) and abandoned his apparent claim under 42 U.S.C. § 1981 by virtue of his failure to address this issue in his opposition.  See Smith v. Hilltown Township, 1988 WL 91156 (E.D. Pa. August 29, 1988) (dismissing a claim as abandoned because plaintiff failed to respond to defendant's argument pertaining to that claim included in the initial brief of a motion to dismiss).

In addition, Plaintiff clarified his position with respect to his "Unlawful Policies and Procedures" claim contained in Count Four of his Complaint by asserting that Count Four is a disparate impact claim under Title VII -- although not labeled as such in his Complaint -- and thus on its face is not preempted by either the RLA or PHRA.  (Pl.'s Resp. at 6, 9).  Because Amtrak has not contested the sufficiency of Plaintiff's claims under Title VII at this stage of the litigation, it withdraws its motion to dismiss Count Four of Plaintiff's Complaint to the extent it purports to state a cause of action under Title VII.  Accordingly, the only issue remaining before this Court is Amtrak's Motion to Dismiss Plaintiff's common-law breach of contract claim contained in Count Three of the Complaint.  For the reasons stated in detail in Amtrak's Memorandum of Law in support of its Motion to Dismiss as well as below, Amtrak's Motion to Dismiss Count Three of Plaintiff's Complaint should be granted.

## II.     ARGUMENT

### A.     Because Plaintiff's Common-Law Breach Of Contract Claim Requires Interpretation Of The CBA, It Is A Minor Dispute Preempted By The RLA.

Amtrak moved to dismiss Plaintiff's common-law breach of contract claim asserted in Count Three of Plaintiff's Complaint for lack of subject matter jurisdiction because Plaintiff's claim is a "minor" dispute preempted by the Railway Labor Act, 45 U.S.C. §§ 151-188 ("RLA"). Although not specified in the Complaint, Plaintiff concedes in his Response that the contract that forms the basis of his breach of contract claim is "the general labor contract signed by the defendant with plaintiff's union" (i.e., the collective bargaining agreement ("CBA")). (Pl.'s Resp. at 5). The factual basis for his common-law breach of contract claim is that Amtrak "violated various terms of the contract of employment which plaintiff had with defendant . . . , it violated various provisions regarding the investigation of complaints, and the proper and necessary steps to eliminate any and all racial or ethnic discrimination." (Compl. ¶ 48). In his Response, Plaintiff argues that whether his breach of contract claim constitutes a "major" or "minor" dispute under the RLA cannot be decided by a motion to dismiss because it requires a factual analysis that cannot be made at this stage of the litigation. (Pl.'s Resp. at 8). As set forth below, that is not the case.

Both Plaintiff and Amtrak agree that the RLA "establishes a mandatory arbitral mechanism for the 'prompt and orderly settlement' of two classes of disputes": major and minor disputes. Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994) (citation omitted). Major disputes relate to "'the formation of collective [bargaining] agreements or efforts to secure them.'" Id. (citations and internal quotation omitted). As described by the Third Circuit in United Transp. Union v. Conemaugh & Black Lick R.R. Co., "a major dispute concerns the terms an agreement should contain. It involves problems that arise around the bargaining table

in the negotiation of an agreement." 894 F.2d 623, 628 (3d Cir. 1990) (citations omitted from original).

On the other hand, minor disputes relate to "grievances or ... the interpretation or application of agreements covering rates of pay, rules, or working conditions." Norris, 512 U.S. at 252-53 (citation and internal quotation omitted). More specifically, "[a] minor dispute concerns the meaning and application of the provisions of the negotiated agreement that has been hammered out at the bargaining table." Conemaugh, 894 F.2d at 628. As stated in Plaintiff's Response, "the distinguishing feature of a minor dispute is that the dispute can be conclusively resolved by interpreting the *existing* CBA." Coker v. Trans World Airlines, 165 F.3d 579, 583 (7th Cir. 1999) (emphasis added). The RLA requires that minor disputes be arbitrated before the National Railroad Adjustment Board ("NRAB") established under the RLA. Walker v. Southern Ry. Co., 385 U.S. 196, 198 (1966). Accordingly, the RLA preempts any state common-law claim that is determined to be a minor dispute. Norris, 512 U.S. at 253.

Here, as decided by this Court in United Transp. Union v. Southeastern Pennsylvania Transp. Authority, whether Plaintiff's claim constitutes a major or minor dispute can be decided "based on the text of the complaint itself and by the nature of the dispute" and a copy of the CBA is not necessary to make that decision. 23 F.Supp.2d 557, 560 n.3. Similar to the facts alleged in Plaintiff's Complaint, in United Transportation, the union alleged that the employer failed to adhere to certain procedures established in the CBA between the union and employer in its treatment of an employee subject to the CBA. Id. at 558. The employer moved to dismiss the union's claims for lack of subject matter jurisdiction on the grounds that the dispute was a minor one governed by interpretation of the CBA. Id. The court agreed, finding that "the dispute is

properly termed a minor dispute precisely because it may be resolved by reference to the existing contract." Id. at 559-60.

This Court needs to look no further than the nature of Plaintiff's claim and the text of the Complaint to determine that this is a minor dispute preempted by the RLA. Because the dispute at issue here does not relate to the formation of the CBA or to terms the CBA should contain, this is not a major dispute. Id. Rather, the dispute at issue here requires the interpretation of "rights already enshrined in the collective bargaining agreement" and thus is a minor dispute preempted by the RLA. Id.

   **B.** **To The Extent Plaintiff's Common- Law Breach Of Contract Claim Is Based Upon An Agreement Other Than The CBA, It Is Preempted By The PHRA.**

In light of Plaintiff's concession that the terms of the agreement he seeks to enforce are part of the "general labor contract" signed by Amtrak and the union, as set forth above, Plaintiff's claims are preempted by the RLA. To the extent Plaintiff alleges that the agreement at issue is one other than the CBA, then for the reasons set forth in Amtrak's Memorandum of Law in support of its Motion to Dismiss, Plaintiff's claims are preempted by the Pennsylvania Human Relations Act ("PHRA") because they are a mere restatement of his unlawful discrimination claim.

### III. CONCLUSION

In his Response, Plaintiff concedes that the Court should dismiss his claims under 42 U.S.C. §§ 1983 and 1981 and the Fifth Amendment. Accordingly, the Court should dismiss each of these claims with prejudice. Plaintiff also concedes that Count Three of the Complaint purports to state a claim for breach of a provision or provisions of the CBA between Amtrak and the union. Accordingly, this claim should be dismissed with prejudice for lack of subject matter jurisdiction as it is preempted by the RLA. To the extent this claim is based upon the terms of an

agreement other than the CBA, this claim should be dismissed with prejudice because it is an impermissible attempt to recover for alleged discrimination, and any such state law cause of action is preempted by the PHRA. For these reasons, the Court should dismiss with prejudice Count Three of the Complaint.

Respectfully submitted,

Of Counsel:
  Morgan, Lewis & Bockius LLP

_____
Judith E. Harris ( I.D. #02358)
William J. Delany (I.D. #74864)
Jennifer M. Nix (I.D. #87204)
1701 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5000

Attorneys for Defendant
National Railroad Passenger Corporation

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT......................................................................................................................... 2

    A. Because Plaintiff's Common-Law Breach Of Contract Claim Requires Interpretation Of The CBA, It Is A Minor Dispute Preempted By The RLA................................................................................................................................ 2

    B. To The Extent Plaintiff's Common- Law Breach Of Contract Claim Is Based Upon An Agreement Other Than The CBA, It Is Preempted By The PHRA. ............................................................................................................................ 4

III. CONCLUSION..................................................................................................................... 4

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing National Railroad Passenger Corporation's Reply Memorandum To Plaintiff's Response To Defendant's Partial Motion to Dismiss Plaintiff's Complaint was served by United States mail, postage prepaid, this 23rd day of September, 2002 on counsel for Plaintiff, addressed as follows:

> Armando A. Pandola, Jr., Esquire
> 400 Sterling Commerce Center
> 1819 JFK Boulevard
> Philadelphia, PA 19103

_____
Jennifer M. Nix