| | |
|---|---|
| ARMANDO A. PANDOLA, JR.<br>Identification No.: 27608<br>400 Sterling Commerce Center<br>1819 JFK Boulevard<br>Philadelphia, Pa  19103<br>(215) 568-5010 | ATTORNEY FOR PLAINTIFF |
| JEROLD WASHINGTON<br><br>        Vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION D/B/A AMTRAK | UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br>CIVIL ACTION NO.  02-CV-4451 |

### ORDER

AND NOW, this            day of                          , 2003, it is hereby ORDERED and DECREED that the defendant is ordered to produce the documents requested in Plaintiff's Request for Production of Documents and that defendant's objections to the following requests are stricken:  6 and 7 (with the understanding the plaintiff will sign a confidentiality agreement as to the personnel files), 9, 10, 14, 15, 19, 20, 21, 22, 24, 25, 26, 27, 28, 30, 32, 33, 34, 35 and 37.

                                        BY THE COURT:


                                        _____
                                                                    J.

1

ARMANDO A. PANDOLA, JR.  
Identification No.: 27608  
400 Sterling Commerce Center     ATTORNEY FOR PLAINTIFF  
1819 JFK Boulevard  
Philadelphia, Pa 19103  
(215) 568-5010  

---

| | |
|---|---|
| **JEROLD WASHINGTON** | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF |
| Vs. | PENNSYLVANIA |
| | |
| **NATIONAL RAILROAD PASSENGER** | CIVIL ACTION NO.  02-CV-4451 |
| **CORPORATION D/B/A AMTRAK** | |

### PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND COMPEL ANSWERS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

   1.  On October 23, 2002, plaintiff filed Request for Production of Documents on defendants, a copy of which is attached hereto and made a part hereof as Exhibit "A".  On or about December 20, 2002, defendant filed responses, a copy of which is attached hereto and made a part hereof as Exhibit "B".  Defendant filed numerous objections to Plaintiff's Request for Production of Documents.

   2.  Each of Plaintiff's Request for Production of Documents is necessary to the proper prosecution of this claim on behalf of the plaintiff.  Also, each request falls within the guidelines of discovery set by the Federal Rules of Civil Procedure.

   3.  Attached hereto and made a part hereof is Plaintiff's Memorandum of Law.  In Plaintiff's Memorandum of Law, plaintiff sets forth all of the objections made by the defendants, and responds to each objection.

**Based on the arguments and facts set forth in the enclosed Memorandum of Law, plaintiff requests that this Honorable Court order the defendants to produce the documents requested.**

**4.   On more than one occasion, plaintiff's counsel has attempted to resolve this discovery dispute, and hereby certifies to the Court that after a reasonable effort, the parties have been unable to resolve this dispute.**

**WHEREFORE, Plaintiff request that this Honorable Court strike Defendant's objections and order the defendants to produce the requested documents within ten (10) days or suffer sanctions upon further application to this Court.**

　

　Respectfully submitted by,


　ARMANDO A. PANDOLA, JR., ESQUIRE
　Attorney for Plaintiff

| | |
|---|---|
| ARMANDO A. PANDOLA, JR.<br>Identification No.: 27608<br>400 Sterling Commerce Center<br>1819 JFK Boulevard<br>Philadelphia, Pa  19103<br>(215) 568-5010 | ATTORNEY FOR PLAINTIFF |
| **JEROLD WASHINGTON**<br><br>     Vs. | UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSYLVANIA |
| **NATIONAL RAILROAD PASSENGER<br>CORPORATION D/B/A AMTRAK** | CIVIL ACTION NO.  02-CV-4451 |

<u>MEMORANDUM OF LAW</u>

I.  <u>Statement of Facts</u>

Jerold Washington was hired by the defendant on May 10, 1999 as a Trackman.  His duties were to construct, maintain, repair, inspect and dismantle track and attach structures thereto, including right of way maintenance.  On or about November 30, 2000, a co-worker, James Hogan, made inappropriate racial remarks to Mr. Washington, making reference to a confederate flag that was located in the back window of a truck used in the exterminating business.  On that same day, the same co-employee used tape to tie up Mr. Washington to the driver's seat of the truck.  The co-employee was holding a noose in his hand and he asked Mr. Washington if he knew what it was for.  All of the other, non-minority employees at this location supported the employee who harassed the plaintiff.

These racial remarks were part of a general hostile work environment at the Lancaster Division of the defendant.

4

Because of this hostile work environment, Mr. Washington was unable to work in the Lancaster Division, and he has lost employment because of his inability to work at that location. On a regular basis, jobs are given to non-blacks who are less qualified than Mr. Washington and others of his race.

The practices and policies of the defendant have a discriminatory impact on minorities because of the inability of minorities to accept jobs throughout the defendant's system; regional rules controls many jobs.

II. <u>Plaintiff's Request for Production and Defendants Objections</u>

Plaintiff filed specific Requests for Production of Documents based on the specific allegations made by the plaintiff in his civil action. The purpose of the requests was to obtain documents concerning those employees of the defendant who had harassed the plaintiff, and caused a hostile working environment that he was forced to endure and, eventually, was forced to leave.

Additionally, plaintiff sought documents, generally, concerning the defendant's poor record in dealing with issues of a hostile working environment and, specifically, a hostile working environment for minorities.

Additionally, there is a broader issue concerning minority advancement. Mr. Washington has alleged that he was unable to take advantage of certain job openings because his ability to work at certain locations was greatly restricted by the defendant's policy of having each of

5

its locations make their own policies concerning certain job requirements. Usually, those requirements contained a geographic condition which prevented persons outside of a specific geographic area from applying for certain jobs.

Regarding Requests #6-7, we agreed to sign a confidentially stipulation, as to the entire personnel file.  To date, none has been forwarded.

Request #9, specifically asks for any and all reports or forms filed by or on behalf of the defendant concerning claims of racial discrimination made against it.  Defendant claims that answering this request is burdensome. Are there so many claims of racial discrimination being made against the defendant, that supplying these documents would be burdensome?  If that is the case, then defendant should simply state so.  In any event, plaintiff is entitled to see these documents.

Regarding Request #10, plaintiff clarified that it was a request for any and all documents that defendant may have forwarded to an outside agency other then PHRC or the EEOC.  In other words, did defendant send this matter out to be investigated by an outside entity?  Of course, we are not asking about documents sent to an attorney.  Many large companies now use an outside investigator.  We have the right to see those documents.

Regarding Request #14, as stated above, have there been so many complaints that it would be burdensome for defendant to produce all of them?  Plaintiff has the right to review all such documents.

Regarding Request #15, defendant's response does not answer the request. Once again, we want any and all lawsuits filed against the defendant from 1995 to the present in which it was claimed that the defendant or its employees were guilty of racial discrimination.

Regarding Request #19, defendant does not answer the request. We want any and all affirmative action plans signed by the defendant, not only those to which plaintiff was part of the class.

Regarding Request #20, plaintiff is alleging that he applied for this job and was denied it. Therefore, the basis of defendant's objection does not exist.

Regarding #21 and 22, defendant has yet to supply the documents requested and to advise that it has completed its investigation.

Regarding #24, see above.

Regarding Request #25, while we do not believe that clarification is necessary, plaintiff is requesting whether there are any internal policies which relate to how jobs are posted and how applicants are selected for those jobs. It appears to us to be a simple question, and most organizations can provide a simple answer to it.

Regarding Requests #'s 26 and 27, plaintiff is alleging that he applied for this job and we would like this information.

**Regarding Request #28,** we would like information concerning any policies that the defendant has regarding evaluations for any employee.

**Regarding Request #30,** we need the names and identifying information for all the employees at the Lancaster Division so that we can discover information concerning those matters that go to the heart of this litigation.

**Regarding Request 32 and 33,** it is obvious to us that not only will this information lead to admissible evidence, it is probably admissible evidence in and of itself.

**Request #34 is not answered;** it does not apply to the plaintiff, only.

**Regarding Request #35,** we believe that this information is vital, especially regarding the Lancaster Division.

**Regarding Request #37,** there are no assumptions in the question. Instead, we wish to know whether such attempts were made. Defendant may answer by simply stating that it did not believe that it was necessary since there is no racial discrimination practiced at the Lancaster Division. In any event, the question must be answered.

II.   <u>Conclusion</u>

Defendant has attempted to restrict discovery to the particular claim of racial harassment suffered by the plaintiff, that is, plaintiff's claim of harassment and discrimination at the Lancaster Division. In fact, plaintiff's claims goes beyond the restrictions placed upon it by the defendant. By

restricting the discovery available to the plaintiff, defendant hopes to prevent the plaintiff from discovering those facts that lead to the hostile work environment that plaintiff endured, and will prove that there is a systemic problem throughout defendant's railroad.

Defendant has already been subject to a consent order concerning its treatment of minorities. It has refused to supply any documents other then that consent order, even though the consent order requires it to keep various statistics and file various reports concerning its treatment of minorities. It is possible that the defendant has never complied with the requirements set forth in the consent decree.

The information requested is vital to a proper prosecution of this claim. We request that the Court order the defendant to produce the documents requested.

Respectfully submitted by,


ARMANDO A. PANDOLA, JR., ESQUIRE
Attorney for Plaintiff

9

## **V E R I F I C A T I O N**

**ARMANDO A. PANDOLA, JR., ESQUIRE**, states that he is the attorney for Plaintiff herein, and that the facts set forth in the foregoing pleading are true and correct to the best of his knowledge, information and belief, and that this statement is made subject to the penalties of relating to unsworn falsification to authorities.

Date:_____          _____
                                                                      **ARMANDO A. PANDOLA, JR.**

10

| | |
|---|---|
| ARMANDO A. PANDOLA, JR.<br>Identification No.: 27608<br>400 Sterling Commerce Center<br>1819 JFK Boulevard<br>Philadelphia, Pa  19103<br>(215) 568-5010 | ATTORNEY FOR PLAINTIFF |
| **JEROLD WASHINGTON**<br><br>              Vs. | UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSYLVANIA |
| **NATIONAL RAILROAD PASSENGER<br>CORPORATION D/B/A AMTRAK** | CIVIL ACTION NO. 02-CV-4451 |

## CERTIFICATION OF SERVICE

Armando A. Pandola, Jr., Esquire, attorney for plaintiff hereby certifies that the attorney of record in the attached action has been served with a true and correct copy of Plaintiff's Motion to Strike Objections and Compel Answers to Plaintiff's Request for Production of Documents by first class mail on March 12, 2003 to the following:

>Jennifer M. Nix, Esquire
>Morgan Lewis & Bockius, LLP
>1701 Market Street
>Philadelphia, PA 19103-2921


_____
**ARMANDO A. PANDOLA, JR.**