| | |
|---|---|
| ARMANDO A. PANDOLA, JR.<br>Identification No.: 27608<br>400 Sterling Commerce Center<br>1819 JFK Boulevard<br>Philadelphia, Pa  19103<br>(215) 568-5010 | ATTORNEY FOR PLAINTIFF |
| JEROLD WASHINGTON<br><br>Vs. | UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSYLVANIA |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION D/B/A AMTRAK | CIVIL ACTION NO.  02-CV-4451 |

**PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND COMPEL
ANSWERS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

      Defendant has filed an extensive reply suggesting that none of the documents requested by plaintiff are relevant.  We would like to address the issues raised by the defendants by addressing each of the so called "categories" of discovery that defendant believes are in question.

      In order to do so, we must review the allegations presented by the plaintiff.

      The racial discrimination allegations and hostile environment allegations regarding race are obvious.  Mr. Washington was painfully reminded of the terrible legacy of lynching African-Americans to which his ancestors were subject; the implied threat was that he might suffer a similar fate.

1

Mr. Washington has alleged two separate claims regarding his failure to hire claim.

First, there is a specific issue regarding a specific job for which Mr. Washington applied while he was at the Lancaster Division.  We have provided to the defendants the names of those jobs as they were understood by Mr. Washington.  We have agreed to supply whatever other information is necessary to identify those jobs.  Mr. Washington has alleged that he applied for those jobs, was more qualified than the person to whom the job was given, and was never seriously considered for the job.  The job was given to Bernie Reading, a name that has already been provided to the defendant in our initial disclosures of potential witnesses.

Plaintiff has presented a second claim regarding failure to hire.  Mr. Washington alleges that the practices and policies of the defendant make it impossible for him to advance his career at certain divisions by becoming an Assistant Conductor or Engineer.  Many divisions, such as the Lancaster Division have geographic restrictions on where Assistant Engineers or Conductors may live.  Essentially, certain divisions require that Assistant Engineers or Conductors live within a certain radius of the division.  As a result, these geographic restrictions make it impossible for many minorities to advance their careers at certain divisions.

**The greatest example of the discriminatory impact of this policy is at the Lancaster Division since there are few if any minority employees at that division.**

**Plaintiff's document request asks for specific information relating to these claims.**

**Claims of racial harassment for the entire organization are necessary because information regarding the claims of racial harassment in other locations will lead to a discovery of how the defendant handles such claims. They do NOT have a compliance officer, or other person who has the specific duty of ensuring compliance with ant-discrimination laws. It is important for a fact-finder to know how the defendant deals with racial discrimination complaints throughout its organization since there have been no racial complaints at the Lancaster Division. There have been no complaints of racial discrimination at the Lancaster Division (other than this claim) because there are so few minority employees at the Lancaster division; the reason for this is that the defendant allows the Lancaster Division to maintain racially discriminatory practices and minority employees of the defendant are discouraged from working there.**

**In the Lancaster Division, Mr. Washington was subject to blatant racial hostility and discrimination. Many of the white employees gave support and offered perjured testimony on behalf of the person who was the instigator of specific acts of racial hostility against Mr. Washington. In**

**spite of this fact, the defendant allowed the instigator of that hostility to resign, and took no action, of any kind, against those who supported him. Additionally, they did nothing to attempt to rectify the atmosphere in which such blatant racism could exist.**

**Regarding the failure to hire claims, each division makes its own geographic requirements for certain jobs.  It is necessary for the plaintiff to know whether claims of discrimination have been made throughout the system so that it could be determined whether there is any relationship between those claims and the geographic restrictions that exist at certain divisions.**

**Regarding affirmative action plans and consent decrees, these documents are vital to an understanding of what obligation defendant has to minority employees at the Lancaster Division and throughout their system.  If Mr. Washington is correct regarding the specific job for which he applied at the Lancaster Division, then it appears that the consent decree regarding that division was not complied with by the defendant.  It is possible that the defendant is avoiding compliance with that decree by discouraging minority employees from applying for certain jobs, or failing to have them make an "official" application for certain jobs.**

**The names of the Lancaster Division employees must be disclosed in order to conduct proper discovery.  Over the past ten years, how many minority employees have worked at the Lancaster Division?  In what jobs**

4

have they worked?  Why are there so few in any non-office jobs?  Providing information for just the year 2000 does not provide sufficient information to draw any conclusions.  That is why the defendant wants to provide only that year.

For all these reasons, plaintiff requests that this Honorable Court strike the defendant's objections and compel it to answer plaintiff's reasonable discovery requests.

Respectfully submitted by,


ARMANDO A. PANDOLA, JR., ESQUIRE
Attorney for Plaintiff