**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEROLD WASHINGTON, | : | Civil Action No. 02-4451 |
| | : | |
| Plaintiff, | : | The Honorable Clifford Scott Green |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION D/B/A AMTRAK, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant National Passenger Railroad Corporation ("Amtrak") hereby moves the Court for an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting Summary Judgment in its favor on all remaining claims brought by Plaintiff Jerold Washington in his Complaint and Amended Complaint in the above-captioned matter. In support of its Motion, Amtrak states as follows:

1.    Plaintiff worked for Amtrak until his May 2003 resignation. In December 2000, Plaintiff filed an internal complaint of racial harassment against a co-worker, James Hogan. Pursuant to the Amtrak's policy against racial harassment, Amtrak immediately undertook an investigation into Plaintiff's allegations. After the investigation, Amtrak credited Plaintiff's allegations and determined that Mr. Hogan was in violation of its policies against racial harassment. As required by Amtrak's contract with Mr. Hogan's (and Plaintiff's) union the Brotherhood of Maintenance and Way ("BMWE"), Amtrak proceeded with charges against

Mr. Hogan, seeking Mr. Hogan's termination. Mr. Hogan resigned his employment rather than contest Amtrak's charges.

2.     Plaintiff never worked with Mr. Hogan after he levied his complaint. He also never complained again about any other harassment at Amtrak and admitted that he was satisfied with the result of the investigation.

3.     On July 5, 2002, Plaintiff brought this action, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA") and 42 U.S.C. § 1981.[1] Plaintiff asserts three separate causes of action under these statutes. First, notwithstanding Amtrak's prompt investigation into Plaintiff's complaint, and its effective, corrective response thereto, Plaintiff now contends that Amtrak is liable for Mr. Hogan's alleged racial harassment of Plaintiff. Second, Plaintiff claims that, because of his race and national origin, he was denied a Boom Truck Driver position in Amtrak's Lancaster Division and Assistant Engineer positions in Amtrak's New York, Delaware, Washington, D.C. and Philadelphia Divisions. Finally, Plaintiff claims that Amtrak's New York Division has a policy requiring applicants for its Assistant

---

[1]     Plaintiff's initial Complaint included allegations that Amtrak violated (1) the Fifth Amendment, (2) 42 U.S.C. § 1983, and (3) the terms of its contract with the BMWE. Pursuant to Amtrak's Motion for Partial Dismissal of Plaintiff's Complaint, the Court dismissed these claims on December 18, 2002. (See Memorandum and Order, dated December 18, 2002). Subsequent to that Order, Plaintiff filed an Amended Complaint, wherein he asserted the § 1981 claims addressed in this Motion.

Engineer positions to live within 60 miles of Pennsylvania Station in New York City, which Plaintiff alleges has a disparate impact on African American applicants for those positions.

4.    Plaintiff's harassment claim must fail because Plaintiff has adduced no evidence from which a reasonable trier of fact could impute Mr. Hogan's alleged conduct to Amtrak and because it took prompt remedial action to address Plaintiff' complaint.

5.    Plaintiff cannot sustain his race and national origin discrimination claims because (1) he has adduced no evidence creating even an inference of discrimination with respect to his failure to receive the challenged positions; (2) he never bid for the Boom Truck Driver position as required by both the contract between his union, BMWE, and Amtrak; and (3) Plaintiff has not adduced any evidence that Amtrak's legitimate nondiscriminatory reasons for selecting other applicants for the positions he sought were pretexts for racial discrimination.

6.    Plaintiff has failed to establish even a prima facie case of disparate impact discrimination because he has adduced absolutely no evidence of the impact of Amtrak's New York Division's alleged policy on African American and Caucasian applicants.

7.    For these reasons, the Court should grant summary judgment to Amtrak on all remaining claims brought by Plaintiff and grant other such relief as the Court may deem just and proper.

8.    In further support of this Motion, Amtrak relies upon the accompanying Memorandum of Law and the attached exhibits.

Respectfully,

Judith E. Harris, Esquire ( I.D. #02358)
William J. Delany (I.D. #74864)
Paul C. Evans (I.D. #84535)
1701 Market Street
Morgan, Lewis & Bockius LLP
Philadelphia, Pennsylvania 19103
(215) 963-5000

Attorneys for Defendant
National Railroad Passenger Corporation

Dated:  October 30, 2003

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2003, true and correct copies of

the attached Motion for Summary Judgement, supporting Memorandum of Law and Proposed

Form of Order were served, via first class mail, upon the following:

> Armando A. Pandola, Jr., Esquire
> 400 Sterling Commerce Center
> 1819 JFK Blvd.
> Philadelphia, PA 19103
>
> Attorney for Plaintiff

Paul C. Evans