ARMANDO A. PANDOLA, JR.
Identification No.: 27608
400 Sterling Commerce Center          ATTORNEY FOR PLAINTIFF
1819 JFK Boulevard
Philadelphia, Pa  19103
(215) 568-5010
_____

JEROLD WASHINGTON                     UNITED STATES DISTRICT COURT
                                      FOR THE EASTERN DISTRICT OF
          Vs.                         PENNSYLVANIA

NATIONAL RAILROAD PASSENGER     CIVIL ACTION NO.  02-CV-4451
CORPORATION D/B/A AMTRAK

### PLAINTIFF'S REPLY TO DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff requests that this Honorable Court deny the Defendant's Motion to file a Reply Memorandum and answers Defendant's Motion as follows:

1.  Admitted.

2.  Denied.  Plaintiff's answer to Defendant's Motion for Summary Judgment specifically addresses each and every argument made by the defendant in its Motion for Summary Judgment.  Plaintiff's Motion refers to the factual record to support each of his claims and there are specific references not only to the depositions that were taken but to the documents that were produced by the defendants.

3. Denied.  Defendant's reply brief either expands on arguments that have already been made or that <u>could</u> have been made by the defendant or present new claims not mentioned in their original Motion for Summary Judgment. The first part of its reply brief is devoted to restating its argument that it took

"prompt and effective" action to remedy the discrimination alleged by the plaintiff.  This was an argument made in their original Motion for Summary Judgment and is merely restated by the defendant.  All of the facts alleged by the defendant in making this argument were available to it when it filed its original Motion for Summary Judgment, and there are no new facts which it has alleged that have come to its attention since that original Motion was filed.  For example, defendant claims that there was no harassment by a supervisor, then goes on to mis-characterize plaintiff's argument as stating that the supervisor in question, Mr. Rhodes, was aware of the racial incidents involving Mr. Washington and did nothing about them.  In fact, plaintiff's claim is based on Mr. Rhodes' testimony in which he specifically stated that he did nothing to enforce the policy of the defendant that supervisors must report allegations of racial harassment.  Defendant was aware of Mr. Rhodes testimony at the time that they wrote their initial Motion for Summary Judgment and never referred to that testimony.  Instead, they chose to ignore it, hoping that the plaintiff would not raise the obvious fact that Mr. Rhodes has admitted that he does nothing to enforce the defendant's policy that its supervisors have the duty to enforce its anti-racial discrimination policies.  Plaintiff  used this testimony by Mr. Rhodes to prove that he has a viable claim and, now, defendant  wants to file a reply brief to explain away testimony that it should have addressed in its original Motion.  Defendant should have explained how the it could have an effective anti-discrimination

2

policy in spite of the fact that its supervisors do nothing to enforce that policy.

Additionally, defendant wishes to rewrite history by claiming that this same supervisor, Mr. Rhodes, learned about the plaintiff's allegations of racial harassment only "after plaintiff complained" about them. It is obvious that if plaintiff is telling the truth then Mr. Rhodes knew about the allegations of racial harassment before plaintiff complained about them because the same supervisor, Mr. Rhodes, admitted that he saw the noose on the bus and told the other employees to take down the noose because he believed that it was an indication that the others intended to harm Mr. Washington. Given his testimony, it is obvious that Mr. Rhodes was aware of the racial harassment that was occurring, yet he never reported it[1].

Defendant's reply brief does nothing but address the evidence that plaintiff presented in his answer to Defendant's Motion for Summary Judgment, evidence that the defendant was well aware of when it filed its original Motion for Summary Judgment. The Court should not allow the defendant to file an additional Motion for Summary Judgment, addressing the

---

[1] Defendant claims that plaintiff was not working with Rhodes when he claims that he saw the noose on the bus in October, 2000. In fact, there is a discrepancy in Rhodes testimony because he claims that the noose was a "Halloween prank" yet cannot explain why the nooses were still there in December, long after Halloween. See Rhodes, pp. 40-54. Rhodes confirms that he "stayed out of" the incident once it happened - in direct contradiction to defendant's policy. There is no doubt that Rhodes is not being honest when he claims that the "noose" was a mere Halloween prank, and that plaintiff some how found out about in December and decided to use this fact to "frame" Hogan. Once again, this is proof of the lengths that this supervisor and defendant's employees will go to deny the racial harassment that takes place at Lancaster Division. They all lied to support Hogan, and defendant did nothing about it.

3

evidence that should have been addressed in its original Motion for Summary

Judgment.

In fact, defendant's reply brief is twenty pages long while its original brief

was only twenty-six pages long.  In its original brief, it failed to address any

of the evidence that showed a potential liability on the part of the defendant;

instead, it chose to address only evidence of a very selective nature, that is,

the little evidence that existed that defendant actually has an anti-

discrimination policy and what little it does to enforce that policy.  By failing

to address any evidence that proved plaintiff's case in its original Motion for

Summary Judgment, defendant gave up that right.  It should not be allowed

to now file an additional Motion for Summary Judgment where it takes into

consideration all of the evidence, as it should have done when it filed its

original Motion for Summary Judgment[2].

While plaintiff requests the opportunity to reply to defendant's reply brief

if the Court should allow defendant to file it, plaintiff does wish to advise the

Court that that reply brief adds nothing to the factual record that is already

before the Court except that defendant does state that this is a case in which

it "did everything right."  While it cites several cases not cited in its original

motion, none of those cases were decided after that Motion was filed.

Finally, the defendant's Reply brief does show that there is a great factual

dispute in this case.  The defendant's supervisors and employees who were

working with the plaintiff when this terrible incident occurred, all deny that it

---

[2] Attached is a copy of the deposition of Andrew McCallum who was deposed before the
defendant's Motion was filed; the transcript has only now become available.

happened.  All of them support the employee who resigned rather that

answer the charges brought against him.  Interestingly, Amtrak, itself, has

never admitted that the harassment occurred, but does want to take credit for

having brought charges against Hogan, and forcing his resignation.  This

Janus-like stance is far less admirable than the champion of "diversity"

image that defendant wishes to portray.

WHEREFORE, plaintiff respectfully requests that this Honorable Court

deny Defendant's Motion to File a Reply Brief.


Respectfully submitted by,


ARMANDO A. PANDOLA, JR., ESQUIRE
Attorney for Plaintiff

**V E R I F I C A T I O N**

      **ARMANDO A. PANDOLA, JR., ESQUIRE, states that he is the attorney for Plaintiff herein, and that the facts set forth in the foregoing pleading are true and correct to the best of his knowledge, information and belief, and that this statement is made subject to the penalties of relating to unsworn falsification to authorities.**

**Date:**_____     _____
                                           **ARMANDO A.PANDOLA, JR.**

6

**ARMANDO A. PANDOLA, JR.**
**Identification No.: 27608**
**400 Sterling Commerce Center**      **ATTORNEY FOR PLAINTIFF**
**1819 JFK Boulevard**
**Philadelphia, Pa  19103**
**(215) 568-5010**

---

| | |
|---|---|
| **JEROLD WASHINGTON** | **UNITED STATES DISTRICT COURT** |
| | **FOR THE EASTERN DISTRICT OF** |
| **Vs.** | **PENNSYLVANIA** |

**NATIONAL RAILROAD PASSENGER    CIVIL ACTION NO. 02-CV-4451**
**CORPORATION D/B/A AMTRAK**

## CERTIFICATION OF SERVICE

Armando A. Pandola, Jr., Esquire, attorney for plaintiff hereby certifies

that the attorney of record in the attached action has been served with a true

and correct copy of Plaintiff's Reply to Defendant's Motion For Leave to File a

Reply Memorandum in Further Support of Its Motion for Summary Judgment

by first class mail on December 2, 2003 to the following:

**Paul Evans, Esquire**
**Morgan Lewis & Bockius, LLP**
**1701 Market Street**
**Philadelphia, PA 19103-2921**

_____
**ARMANDO A. PANDOLA, JR.**