IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROLD WASHINGTON : | |
|     Plaintiff, : | CIVIL ACTION NO. 02-CV-4451 |
| : | |
| vs. : | |
| : | |
| NATIONAL RAILROAD : | |
| PASSENGER CORP. D/B/A AMTRAK : | |
|     Defendant. : | |

# ORDER

**AND NOW**, this _____ day of February 2004, upon consideration of National Railroad Passenger Corporation's ("Amtrak") Motion for Summary Judgment (Doc. 23), Plaintiff's response thereto (Doc. 24), and Defendant's reply brief (Doc. 25), **IT IS HEREBY ORDERED AND DECREED** that Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that:

1. Defendant's Motion for Leave to file a Reply Brief (Doc. 25) is **GRANTED**, so considered.

2. Defendant's Motion for Summary Judgment on Plaintiff's Racial and National Origin Discrimination Claims based upon co-worker created hostile environment is **GRANTED**.[1]

3. Defendant's Motion for Summary Judgment on Plaintiff's Disparate Impact Claim is **GRANTED**.[2]

---

[1] After Washington filed his discrimination complaint against his co-worker Mr. Hogan, Amtrak promptly investigated the complaint and resolved the dispute in his favor. Moreover, Amtrak immediately started a termination proceeding against Mr. Hogan, the offending co-worker. It is undisputed that Plaintiff was not subject to any other discriminatory conduct by his co-worker(s) thereafter. Therefore, as a matter of law, there is no respondent superior liability to be applied against Amtrak for actions taken by Plaintiff's co-workers.

[2] In Count IV of Plaintiff's Complaint, Plaintiff alleges that Amtrak maintains an employment policy, practice or election criteria which is facially neutral, but which has a disparate impact on African Americans. During oral argument, Plaintiff's Counsel advised that he was no longer proceeding on this claim. In fact, there is no evidence to support the claim.

4. Defendant's Motion for Summary Judgment on Plaintiff's Discrimination Claim in connection with the Boom Truck Operator Position is **DENIED**.[3]

5. Defendant's Motion for Summary Judgment on Plaintiff's Discrimination Claims in connection with the Assistant Engineer Positions is **DENIED**.[4]

6. This matter is referred to Magistrate Judge Diane M. Welsh for a Settlement Conference, and if settlement is not accomplished, the Courtroom Deputy in consultation with Counsel shall schedule the claims for trial that have survived the motion for summary judgment.

**BY THE COURT:**

_____

**CLIFFORD SCOTT GREEN, S.J.**

---

Therefore, I grant Defendant's motion for summary judgment on Plaintiff's disparate impact claim.

[3] Plaintiff claims that he was discriminated against by Amtrak and denied promotion to a Boom Truck Operator. Plaintiff possessed the requisite commercial driver's license. The position also required that "someone in authority review an applicant's actual performance of handling a boom truck and confirm that the applicant could do the job." See Pl. Brief at 31. Washington admits that he had not been so certified, but claims that he was capable of operating a boom truck because he had done so previously at the Lancaster division. During oral argument, Defendant conceded that an unqualified non-minority was promoted to the Boom Truck Operator position. It is also Plaintiff's position that his supervisor delayed the qualifying process as to Plaintiff, so that he could promote the non-qualified white applicant. On this record, summary judgment is not authorized. This is so even when Defendant's argument that Plaintiff would have been entitled to the position for only a few weeks because an employee with greater seniority would have bumped him in accordance with existing procedures. It is true, that a more senior employee bumped the non-minority from the position; however, it is only speculation that he would have bumped Mr. Washington from the position. Accordingly, I deny Defendant's motion for summary judgment on this claim.

[4] Plaintiff also claims that he was discriminated against when he was denied promotion to Assistant Engineer positions. Plaintiff's application showed that he was qualified for the position. Other qualified applicants had the advantage of being interviewed for the job, whereas Mr. Washington for some reason that does not appear of record was not given the opportunity to interview. On summary judgment, it is not clear that the interview could not had made a difference in Mr. Washington's favor. Therefore, I deny Defendant's motion for summary judgment